

LEWIS AND ROCA LLP

40 North Central Avenue
Phoenix, Arizona 85004-4429

Susan M. Freeman Arizona State Bar No. 004199
E-mail: SFreeman@LRLaw.com
Telephone: (602) 262-5756
Facsimile: (602) 734-3824

Rob Charles, Arizona State Bar No. 7359
Email: RCharles@LRLaw.com
Telephone: (520) 629-4427
Facsimile: (520) 879-4705

Marvin C. Ruth, Arizona State Bar No. 024220
Email: MRuth@LRLaw.com
Telephone (602)-262-5770
Facsimile: 602-734-3909

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MONDRIAN TTL, L.L.C., a Delaware limited liability company,<br><br>                                    Debtor.<br><br>EID # 20-1473299 | Case No. 2:10-bk-14140-RJH<br><br>Case No. 2:10-bk-14141-RJH<br><br>Chapter: 11<br><br>Jointly Administered Under<br>Case No. 2:10-bk-14140-RJH |
| GRIGIO TTL, L.L.C., an Arizona limited liability company,<br><br>                                    Debtor.<br><br>EID #20-5787568 | **Motion to Assume City of Tempe Lease**<br><br>Hearing: December 1, 2010<br>Time: 1:00 p.m. |

Mondrian TTL, L.L.C. ("Debtor"), hereby moves this Court for an order under 11 U.S.C. § 365 and Federal Rules of Bankruptcy Procedure 6006 and 9014 authorizing the Debtor to assume the City of Tempe lease and finding that (i) the payments Debtor will provide to the City of Tempe under Debtor's "Joint Plan Of Reorganization Dated July 23, 2010, as Amended September 1, 2010" [DE 168], as modified [DE 239], satisfy 11 U.S.C. § 365(b)(1)'s requirements for prompt cure of any defaults under the City of Tempe lease, and (ii) the Debtor has furnished adequate assurance of future performance under such lease, and further providing that such assumption is without prejudice to the Debtor's right

2281556.1



to subsequently assign such lease. This Motion is supported by the following Memorandum of Points and Authorities.

## I. JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this under 28 U.S.C. §§ 1408 and 1409.

2. The relief requested by this Motion may be granted in accordance with 11 U.S.C. §§ 105(a) and 365, Federal Rules of Bankruptcy Procedure 6006 and 9014, and applicable case law.

## II. BACKGROUND

3. Debtor filed its Chapter 11 petition on May 10, 2010. Debtor is acting as Debtor-in-Possession under 11 U.S.C. §§ 1107 and 1108.

4. Debtor is the owner of an apartment complex known as Grigio Tempe Town Lakes, in Tempe, Arizona (the "Apartment Building").

5. The Apartment Building has approximately 657 tenants,[1] and the rents derived from the leases are the primary source of Debtor's income. All unexpired leases with tenants were previously assumed by order of this Court [DE 62].

6. The deadline to assume or reject unexpired leases of nonresidential real property was extended to December 6, 2010 [DE 64]. The Debtor files this Motion because of the statutory deadline provided under 11 U.S.C. § 365(d)(4)(A).

7. No trustee or examiner has been appointed, and no official committee of creditors has been appointed in this case.

8. In its Schedule G, Mondrian identified the following unexpired lease with the City of Tempe:

Land Improvement Lease (C2004-130C) dated November 30, 2009,

---

[1] In its Motion to Limit Notice [DE 15], Debtor estimated that there were approximately 800 tenants in the Apartment Building. The correct number is 657.

2281556.1



Pursuant to a Development Agreement dated as of June 23, 2004 (C2004-130) under which the City granted to Mondrian Government Property Lease Excise Tax (GPLET) status for 35 year rent in lieu of property taxes abated ($0) during the first 8 years of the lease beginning in December 2009.

9. To Debtors' knowledge, only Mondrian is a party to the City of Tempe Land Improvement Lease.

10. Debtor has filed a "Joint Plan Of Reorganization Dated July 23, 2010, as Amended September 1, 2010" [DK 168], modified as set forth in Debtors' First Modification To Debtors' Plan [DK 239], and clarified by Debtors' "Notice Of Clarification Of First Modification To Debtors' Joint Plan" [DK 252] (collectively, the "Plan").

11. Pursuant to the Plan, all allowed amounts owing to the City of Tempe pursuant to Section 506 for its secured claim (Class 3), including all principal amounts due, interest at the non-default rate, all reasonably attorneys' fees, and all costs and charges the City of Tempe incurred on the Mondrian Effective Date, as that term is defined in the Plan, will be paid in full on the Mondrian Effective Date. All amounts owing to the City of Tempe on its $1,656,948 unsecured claim for deferred water and sanitary sewer development or impact fees (plus postpetition interest at the rate provided under applicable non-bankruptcy law through the payment date) (Class 7), likewise will be paid on the Mondrian Effective Date (all such payments collectively the "City of Tempe Payment"). Although not all of City of Tempe Payment is required to be paid in order to cure any unpaid obligations under the City of Tempe lease, it cannot be reasonably contested that the Plan proposes to promptly pay <u>all</u> amounts to which the City of Tempe is legally entitled, including any unpaid amounts owing under the City of Tempe lease. Moreover, in light of the terms of the Plan, including the substantial investment by the Purchaser to satisfy creditor claims, there can be no serious question that the Debtor has



furnished adequate assurance of future performance under such lease on a going forward basis.[2]

### III. LEGAL ARGUMENT

12. A trustee has the power to assume or reject an unexpired lease of the debtor under 11 U.S.C. § 365(a). A debtor-in-possession has the power to assume unexpired leases under 11 U.S.C. 1107, which gives a debtor-in-possession the same general powers as a trustee. A debtor-in-possession's decision to assume or reject an unexpired lease must only satisfy the "business judgment rule." *See Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pac. Ry. Co.*, 318 U.S. 523, 550 (1943); *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1046-47 (4th Cir. 1985); *In re Minges*, 602 F.2d 38, 41 (2d Cir. 1979); *In re Chi-Feng Huang*, 23 B.R. 798 (9th Cir. BAP 1982).

13. When applying the business judgment rule, bankruptcy courts "should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *See In re Pomona Valley Med. Group*, 476 F.3d 665, 670 (9th Cir. 2007). A debtor's business judgment decision to assume or reject an unexpired lease is subject only to "cursory review" and may not be disregarded unless the decision is "'so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice.'" *Id.* at 670 (quoting *Lubrizol*, 756 F.2d at 1047).

14. The Lease is a critical piece of Mondrian's reorganization. Accordingly, it is in the best interest of Debtor's estate to assume the unexpired lease with the City of Tempe. Its assumption will facilitate a quick and efficient reorganization.

---

[2] The Plan provides for the city of Tempe lease to be assigned to the Purchaser under the Plan. Accordingly, the Motion requests that the Court's order provide that assumption of the City of Tempe lease without prejudice to the Debtor's right to subsequently assign such lease.

4



1       15.    Assumption of the lease is a sound business decision, and cannot seriously be considered to be based on "bad faith," "whim" or "caprice," much less based *only* on bad faith, whim, or caprice.

16.    The provisions of the Plan pursuant to which the City of Tempe Payment will be made on the Mondrian Effective Date constitutes cure, or the adequate assurance of cure, as required by 11 U.S.C. § 365(b)(1).[3]

WHEREFORE, Debtor respectfully requests this Court enter an order substantially in the form attached hereto as **Exhibit A** authorizing Debtor to assume the City of Tempe lease, finding that the City of Tempe Payment satisfies 11 U.S.C. § 365(b)(1), finding that the Debtor has furnished adequate assurance of future performance under such lease, providing that such assumption is without prejudice to the Debtor's right to subsequently assign such lease, and granting such other and further relief as is just.

RESPECTFULLY SUBMITTED November 12, 2010.

**LEWIS AND ROCA LLP**


By /s/ Marvin C. Ruth (#24220)
    Susan M. Freeman
    Rob Charles
    Marvin C. Ruth
40 North Central Avenue
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5770
Attorneys for Debtors

Copy of the foregoing sent via e-mail if an e-mail address was available, or if not, by first class postage prepaid U.S. Mail on November 12, 2010 to:

---

[3] In the (what the Debtor believes unlikely) event the Plan is not confirmed, the City of Tempe still will receive payment pursuant to a negotiated resolution, of its claims under the Tempe lease, as set forth in the plan of reorganization submitted by TPG (Grigio) Note Acquisition, LLC and TPG (Grigio) Mezzanine, LLC [DK 253], and the written agreement that was entered into between the City of Tempe and Picerne Babson. Thus, under any scenario in this chapter 11 case, the City will receive prompt cure either of what it is legally entitled to receive (under the Debtor's Plan) or what it has agreed to receive (under its agreement with Picerne).



Copy of the foregoing served via
e-mail on November 12, 2010 to:

William Novotny
E-mail: William.novotony@mwmf.com
Mariscal, Weeks, McIntyre & Friedlander, P.A.
2901 North Central Avenue, Suite 200
Phoenix, Arizona 85012-2705
Attorneys for City of Tempe

Office of the U.S. Trustee
Edward K. Bernatavicius
Email: Edward.k.bernatavicius@usdoj.gov
230 N. First Avenue, Suite 204
Phoenix, AZ 85003

Steven N. Berger
  snb@engelmanberger.com
Scott B. Cohen
  sbc@engelmanberger.com
Patrick A. Clisham
  pac@engelmanberger.com
Engelman Berger, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012
Attorneys for TPG (Grigio) Note Acquisition, LLC

James E. Cross
E-Mail: Jcross@omlaw.com
Warren J. Stapleton
E-mail: wstapleton@omlaw.com
Osborn Maledon, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2794
Attorneys for TPG (Grigio) Mezzanine, LLC

Barbara Lee Caldwell
E-mail: bcaldwell@cpwlawyers.com
Caldwell Padish & Wells
7333 E. Doubletree Ranch Rd.
Scottsdale, AZ 85258
Attorney for Maricopa County


/s/ Marilyn Schoenike
Marilyn Schoenike
Lewis and Roca LLP

6

2281556.1