


**IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.**

The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.

**Dated: December 15, 2010**

_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**
_____

40 North Central Avenue
Phoenix, Arizona 85004-4429

Susan M. Freeman, Arizona State Bar No. 004199
  E-mail: SFreeman@LRLaw.com
  Telephone: (602) 262-5756
  Facsimile: (602) 734-3824
Robert M. Charles, Jr., Arizona State Bar No. 7359
  Email: RCharles@LRLaw.com
  Telephone: (520) 629-4427
  Facsimile: (520) 879-4705
Marvin C. Ruth, Arizona State Bar No. 024220
  E-mail: MRuth@LRLaw.com
  Telephone: (602) 262-5770
  Facsimile: (602) 734-3909

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MONDRIAN TTL, L.L.C., a Delaware limited liability company,<br><br>                              Debtor.<br><br>In re:<br><br>GRIGIO TTL, L.L.C., an Arizona limited liability company,<br><br>                              Debtor. | Chapter: 11<br>Jointly Administered<br>Case No. 2:10-bk-14140-RJH<br><br><br><br><br>Case No. 2:10-bk-14141-RJH<br><br>**STIPULATED ORDER RE DEBTORS' MOTION TO DISMISS AND RELATED RELIEF** |

      This Stipulated Order re Dismissal is entered into by and among the following parties: (i) Mondrian TTL, LLC; (ii) Grigio TTL, LLC (together with Mondrian TTL, LLC the "Debtors"); (iii) TPG (Grigio) Note Acquisition, LLC ("Senior Lender"), (iv) TPG (Grigio) Mezzanine, LLC ("Mezz Lender," together with Senior Lender, the "Lenders"), and (v) the City of Tempe (collectively, the "Parties"), on the motion dated December 6, 2010 (the "Motion") of the Debtors for entry of an order dismissing Debtors' chapter 11 cases pursuant to 11 U.S.C. § 1112(b) and Federal Rule of Bankruptcy Procedure 1017 [DE 276].

      The Debtors having filed with the court copies of the settlement agreement (agreement for conveyances in lieu of foreclosure) and all material documents related

2294843.3



thereto [DE 280] (collectively, the "Agreement"); notice of the Motion having been provided to all creditors, equity security holders and other parties in interest, and no objections having been timely filed; notice of the amounts claimed by and to be paid in cash to general unsecured creditors (the "Remaining Creditors") having been listed on Exhibit 2 to the Motion and provided to all of the Remaining Creditors, and no objections to such amounts having been filed; the Debtors having filed a Notice of Payment of United States Trustee Fees;

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334, venue is proper pursuant to 28 U.S.C. §§ 1409 and 1409, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Adequate and proper notice of the Motion and the hearing on it has been given and no other or further notice is necessary.

3. The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

4. Good and sufficient cause exists for granting the relief requested in the Motion as set forth in this Order.

5. The Motion is GRANTED in all respects, and the Agreement is binding between and among the Parties. The GPLET Lease as amended and City of Tempe Development Agreement referenced therein is fully assumable and assignable, including to the Optionee under the Agreement.

6. The Debtors' chapter 11 bankruptcy cases shall be, and are hereby, DISMISSED.

7. The Debtors shall file a certification (the "Certification") that (a) Debtors and Lenders have established and funded an escrow account (the "Escrow") and (b) funds have been disbursed from the Escrow to make the following payments (the "Approved Payments"): (i) $400,000 of professional fees to Lewis and Roca, LLP as Debtors' counsel, (ii) $150,601 to the Remaining Creditors, and (iii) $1,295,000 to CJUF III GTTL

2294843.3



Member, LLC.   After Closing not later than December 30, 2010, and no later than December 31, 2010,[1] the Debtors shall promptly file the Certification with this Court.

8. Debtors are authorized and directed to remit funds from the Escrow to pay the Approved Payments.

9. Lenders' lawsuits against guarantors, currently removed to this Court (Adv. No. 2:10-ap-01210-RJH and Adv. No. 2:10-ap-01247-RJH, the "Adversary Litigation") shall be dismissed with prejudice, and the claims and causes of action alleged therein may not be re-filed in any court.

10. Debtors are authorized to pay $500,000 for professional fees of Lewis and Roca, LLP as their court-appointed counsel, of which $100,000 is satisfied from the prepetition retainer provided to that firm and $400,000 is satisfied from the Escrow disbursement. GDG Enterprises, LLC may and shall pay reasonable fees of Lewis and Roca, LLP for services rendered to the Debtors after November 29, 2010 in connection with the bankruptcy cases. Upon filing the Certification, Lewis and Roca, LLP shall be relieved of any further or other obligations to represent or otherwise perform services for either or both of the Debtors.

11. In accordance with 11 U.S.C. § 349, this Stipulated Order and all of its provisions will have full force and effect, as will the orders dismissing the Adversary Litigation with prejudice.

12. Notwithstanding the entry of this Stipulated Order and the dismissal of the above captioned cases, the Court shall, and does hereby, retain the exclusive jurisdiction to resolve any and all matters and disputes arising out of, related to, or otherwise in connection with the interpretation of this Stipulated Order or the implementation thereof. In the event that the transaction does not Close, the Debtors shall have to and until January

---

[1] Unless defined otherwise, all capitalized terms will have the same meaning as defined and used in the binding letter of intent (including exhibits thereto) executed by and between the Lenders and the Debtors on November 30, 2010 (the "LOI").



7, 2011, to file a motion to set aside the entry of this Order.  Any such vacatur would also vacate the orders dismissing the Adversary Litigation.

13. This Stipulated Order shall be effective immediately upon entry, with no stay of enforcement in effect.   To the extent Federal Rules of Bankruptcy Procedure 6004(h) and 7062 apply to the Stipulated Order, the stays provided for therein are hereby waived.

DATED AND SIGNED ABOVE

**Submitted by:**

**LEWIS AND ROCA LLP**

By:  */s/  SMF  #004199*
Susan M. Freeman
Rob Charles
Marvin C. Ruth
40 N. Central Avenue
Phoenix, AZ 85004-4429
Attorneys for the Debtors

**Approved as to form and content by:**

ENGELMAN BERGER, P.C.

By  */s/ SNB  #014377*
Steven N. Berger
Scott B. Cohen
Patrick A. Clisham
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012
*Attorneys for TPG (Grigio) Note Acquisition, LLC*

OSBORN MALEDON, P.A.

By:  */s/ JEC  #009063*
James E. Cross
Warren J. Stapleton
2929 North Central Avenue, Suite 2100
Phoenix, Arizona  85012-2794
*Attorneys for TPG (Grigio) Mezzanine, LLC*

2294843.3



|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | MARISCAL, WEEKS, McINTYRE & FRIEDLANDER, P.A. |
| 4 | By  /s/ WN #/4239 |
| 5 | William Novotny<br>2901 North Central Avenue, Suite 200 |
| 6 | Phoenix, Arizona 85012<br>E-mail: william.novotny@mwmf.com |
| 7 | *Attorneys for City of Tempe* |

2294843.3